IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| MARIA SOUTHALL-SHAW, | § | Case No. 15-33085-H4-13 |
| Debtor | § | Chapter 13 |
| | § | |
| | | |
| MARIA SOUTHALL-SHAW AND | § | |
| ELVIS LEE SHAW, | § | |
| Plaintiffs | § | |
| | § | Adversary No. 15-03322 |
| VS. | § | |
| | § | |
| HSBC MORTGAGE SERVICES, INC., | § | |
| HOUSEHOLD FINANCE CORPORATION III, | § | |
| AND CALIBER HOME LOANS, INC., | § | |
| Defendants | § | |

PLAINTIFFS' RESPONSE TO DEFENDANTS' HSBC MORTGAGE SERVICES, INC.
AND HOUSEHOLD FINANCE CORPORATION III
MOTION TO WITHDRAW THE REFERENCE

Maria Southall-Shaw and Elvis Lee Shaw (the "Shaws" or the "Plaintiffs"), file this

Response to Defendants HSBC Mortgage Services, Inc. and Household Finance Corporation III

Motion to Withdraw the Reference (the "Motion").

I. FACTUAL BACKGROUND

1.      The Plaintiffs are the owners of real property located at 21315 Ganton Drive,

Katy, Texas 77450 (the "Property").

2.      In 2013, the Plaintiffs entered into a sales contract to sell the Property.

Defendants HSBC Mortgage Services, Inc. ("HSBC") and Household Finance Corporation III

("HFC") were respectively the servicer and noteholder of the mortgage on the Property at the

time.

      3.      HSBC and HFC have filed a motion to withdraw the reference.

      4.      The Plaintiffs contend that the Motion should not be granted.

      5.      If the reference is withdrawn, the Debtor and her spouse will be required to expend funds to litigate in both bankruptcy court and federal district court.  The Plaintiffs will have cases pending in both bankruptcy court and the federal district court.

      6.      Such a situation, in all likelihood, will result in additional legal fees for the Debtor and her spouse.

      7.      Such a situation will result in a delayed and longer process to resolve the claims and causes of action of the Debtor and her spouse.  The removal of the claims and causes of action to the district court may result in the process taking much longer than in this court.

      8.      The bankruptcy case of the Debtor may be delayed a significant period of time awaiting the district court to conduct a trial of the case.

      9.      Such a situation will not result in judicial economy but, in all likelihood, will cause additional and potentially duplicate hearings in both the bankruptcy court and the district court.

      10.      The Defendants have not demanded a jury trial.

      11.      Caliber has filed a proof of claim.  Caliber has not moved to withdraw the reference.  The Plaintiffs object to the withdrawal of the reference for any and all claims and causes of action against Caliber.

      12.      By filing the proof of claim, Caliber has consented to the jurisdiction of this court.

13.     Any claims against Caliber may result in claims against the Defendants HSBC and HFC.

14.     The claims and causes of action against Caliber will encompass similar facts and circumstances as the claims and causes of action against the Defendants HSBC and HFC.

15.     As such, there will be causes of action that could result in differing decisions from the two courts.

16.     The Defendants assert arguments for the withdrawal of the reference that do not require the withdrawal of the reference.  The arguments involve the possible duplication if the findings of fact and conclusions of law in the bankruptcy court are later contested by the Defendants HSBC and HFC.  Such arguments are not sufficient to justify the withdrawal of the reference.

17.     This Court is fully competent to hear and make findings of fact and conclusions of law for referral, if necessary, to the district court.

18.     The facts in this case involve mortgage issues. This court has reviewed and made many decisions on mortgage issues and is fully competent to do so in this case.  As counsel for the Debtor has observed in prior cases where a party sought to withdraw the reference, the district court has required the bankruptcy court to hear the matter and make findings of fact and issue conclusions of law for review by the district court.

19.     The Plaintiffs contend that the Defendants are forum shopping.

20.     If the reference is withdrawn, the Debtor in all likelihood will have to spend a much longer time in the bankruptcy case without an ability to confirm a plan due to the long time

period that may result from the case going to the district court.

21.     The Plaintiffs respond to the paragraphs in the Complaint as follows:

22.     The Plaintiffs deny the first sentence of paragraph 1. While the claims may sound in state court actions, the issues involve property of the estate and the rights of the Debtor on issues of her homestead.  The claims involving her homestead directly involve property of the estate and are core claims.  The Plaintiffs deny the remaining allegations in paragraph 1.

23.     The Plaintiffs assert that the request to withdraw the reference in paragraph 2 should be denied.

24.     The Plaintiffs admit paragraph 3.

25.     The Plaintiffs admit paragraph 4.

26.     The Plaintiffs admit the summary of the claims as set forth in paragraph 5 but argue that the claims involve property of the estate – the Debtor's homestead – and as such involve core issues.

27.     The Plaintiffs admit paragraph 6.

28.     The Plaintiffs admit paragraph 7.

29.     The Plaintiffs admit paragraph 8.

30.     The Plaintiffs admit paragraph 9 but deny that such allegations are applicable to the adversary proceeding at bar.

31.     The Plaintiffs admit paragraph 10 but deny that such allegations are applicable to the adversary proceeding at bar.

32.     The Plaintiffs deny the allegations in paragraph 11. The Plaintiffs argue that the

claims involve the homestead of the Debtor and as such involve core issues.

33.     The Plaintiffs deny the allegations in paragraph 12.  This court will be able to effectively address the claims and causes of action in a timely manner.

34.     The Plaintiffs deny the allegations in paragraph 13.  To the contrary, the withdrawal of the reference for Defendants HSBC and HFC will not result in judicial economy but may well cause additional expenses and time for all parties.  The claims against Caliber would not be withdrawn and as such, duplicate proceedings may result.

35.     The Plaintiffs deny the allegations in paragraph 14.  The Plaintiffs believe that judicial economy will result if this court hears and determines the adversary proceeding, even if the result is that this court issues findings of fact and conclusions of law for review by the district court.

36.     The Plaintiffs agree that the factor set forth in paragraph 15 that no jury trial has been requested is important and argue that such factor weighs in favor of this court retaining this court.

37.     The Plaintiffs deny the allegations in paragraph 16.  The Caliber claim being tried in the bankruptcy court weighs strongly in favor of this court retaining the case and not withdrawing the reference.

38.     The Plaintiffs deny the last paragraph of the motion.

## PRAYER

WHEREFORE, the Plaintiffs request that the Court deny Defendants HSBC Mortgage Services, Inc. and Household Finance Corporation III Motion to Withdraw the Reference and

grant the Plaintiffs such other and further relief to which they may be entitled.

    Dated: March 21, 2016

                                            Respectfully submitted,

                                            */s/  Reese W. Baker*
                                            Reese W. Baker
                                            Baker & Associates
                                            Texas State Bar No. 01587700
                                            5151 Katy Freeway, Suite 200
                                            Houston, Texas 77007
                                            Telephone: (713) 869-9200
                                            Fax: (713) 869-9100
                                            Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2016, the above Plaintiffs' Response to Defendants HSBC Mortgage Services, Inc. and Household Finance Corporation III Motion to Withdraw the Reference was filed electronically and served upon all parties receiving electronic notice from the Court's ECF notification system in the above-referenced adversary proceeding.

                                            */s/  Reese W. Baker*
                                            Reese W. Baker